UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BOARD OF TRUSTEES OF THE AMERICAN FEDERATION OF MUSICIANS AND EMPLOYERS' PENSION FUND,<br><br>                            Plaintiff,<br><br>                              -v.-<br><br>LAS COLINAS SYMPHONY ORCHESTRA, INC.; GARLAND SYMPHONY ORCHESTRA, INC.; and ARLINGTON SYMPHONY ORCHESTRA, INC.,<br><br>                            Defendants. | 23 Civ. 2175 (KPF)<br><br>**ORDER** |

KATHERINE POLK FAILLA, District Judge:

On July 11, 2023, the Court held a pre-motion conference in this case. As discussed with the parties, it is clear that a pending National Labor Relations Board ("NLRB") appeal lies at the core of this case. (*See* Dkt. #21 (Defendants' pre-motion submission discussing the fact that Plaintiff's principal theories are contingent on the NLRB's disposition of the appeal); Dkt. #23 ("To avoid paying both contributions and withdrawal liability, Defendants adopted contradictory positions in addressing the Fund's withdrawal liability claim here, in the arbitration, and in the case before the NLRB.")). In other words, the issue of whether Defendants remain under a continuing obligation to contribute to the Fund after withdrawing Union recognition will be resolved by the NLRB. Implicit within this resolution of the NLRB case is the issue of whether or not Defendants are subject to potential withdrawal liability. For the reasons stated in the remainder of this Order, the Court stays this case pending the NLRB's resolution of Defendants' appeal.

To be clear, there is nothing wrong with pleading conflicting theories in the alternative, as Plaintiff has done here. (Dkt. #23). But should the NLRB find that Defendants remain obligated to contribute to the Fund, this case (or at least a large part of it) could be mooted. On the other hand, if the NLRB finds to the contrary, only then does it appear that Plaintiff's claim for withdrawal liability would be ripe. Plaintiff recognized this during the pre-motion conference; indeed, counsel stated that were the Court to enter a judgment regarding certain issues in the case, such judgment may have to be undone based on the NLRB's ultimate disposition.

These concerns are not of a jurisdictional dimension, but rather reflect prudential concerns regarding the orderly and efficient administration of the courts. As such, the Court believes that Defendants' contemplated motion to dismiss is misguided at this juncture. However, the Court does not view it as appropriate to effectively rule on hypothetical circumstances when the NLRB will issue a decision determinative of legal theories in this case. No doubt, Plaintiff has an interest in this case proceeding, and the Court is sympathetic to the fact that Defendants' ability to avail themselves of administrative appeals and possible other review will delay its possibility for relief. Yet, these appeals are part and parcel of ERISA's statutory scheme, and this Court is not in a place to displace such scheme.

As such, the Court STAYS this case in its entirety. The parties are directed to file a joint letter at the earlier of **October 13, 2023**, or a major update in the ongoing NLRB appeal.

SO ORDERED.

Dated: July 12, 2023
       New York, New York

                                              KATHERINE POLK FAILLA
                                              United States District Judge